UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Michael DeCarlo | : | Case No. |
| Plaintiff | : | **COMPLAINT** |
| v. | : | |
| Lincoln Life Assurance Company Of Boston | : | |
| Defendant | : | |

Plaintiff, Michael DeCarlo, for his Complaint against Defendant Lincoln Life Assurance Company of Boston, states as follows:

1. Mr. DeCarlo is an individual who resides in 23 Rutan Place, Bloomfield, NJ 07003 and who at all pertinent times participated in a long-term disability plan (the "Plan"), sponsored by Mount Sinai Health System, located in New York County, New York.

2. The Plan is funded, in part, through a group insurance policy formerly Liberty Mutual Insurance, now Lincoln Life Assurance Company of Boston (the "Policy"), for whom Mr. DeCarlo worked as a Director of Information Technology since 2012 until his total disability July 2, 2015.

3. Lincoln Life Assurance Company of Boston is a foreign company authorized to conduct business in New York and with principal place of business in New Hampshire.

4. Lincoln Life Assurance Company of Boston acts as the plan administrator and/or fiduciary of the Plan for purposes of benefit determinations made pursuant to the Policy.

5. Mr. DeCarlo brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), to recover benefits under the Plan and Policy.

1

6. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over Lincoln Life Assurance Company of Boston because, per ERISA 502(e), 29 U.S.C. 1132(e)(2), Lincoln Life Assurance Company of Boston undertook to insure the ERISA plan that affected participants living in New York.

## Claim for Relief

7. The Plan provides for short and long-term disability coverage for certain employees of Mount Sinai Health System, such as Mr. DeCarlo.

8. The Policy provides, in relevant part, you are disabled when you cannot perform the material and substantial duties your own occupation.

9. After 24 months, the definition of disability changes to the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation. "Any Occupation" means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.

10. As stated above, Mr. DeCarlo worked for Mount Sinai Health System until his total disability July 2, 2015, at which time he discontinued work due to numerous medical conditions including major depression, panic attack disorder, anxiety, bipolar disorder, thoracic aorta dilatation/thoracic aortic aneurysm requiring constant blood pressure monitoring, obstructive sleep apnea, chronic sinusitis, hypogonadism, chronic fatigue syndrome, hyperventilation, and agoraphobia. Mr. DeCarlo has symptoms of inability to focus, problems with sustained concentration, loss of energy with fatigue.

11. Mr. DeCarlo became disabled under the Policy on July 2, 2015 and has remained continuously disabled since then.

12. Mr. DeCarlo filed a claim for Social Security Disability as instructed by Defendant through a third-party administrator, Allsup, Inc.

13. The SSA Administrative Law Judge approved his claim for disability benefits finding that he was disabled due to his medically determinable impairments effective November 30, 2015.

14. Mr. DeCarlo filed claims for short and long-term disability, both of which were approved by Lincoln Life Assurance Company of Boston. Lincoln Life Assurance Company of Boston approved and paid Mr. Foss's short-term disability claim through the duration of STD coverage. Following expiration of the short-term coverage, Lincoln Life Assurance Company of Boston approved Mr. Foss's long-term claim and it was paid through April 14, 2020.

15. On May 1, 2019, Mr. DeCarlo was motivated to return to work within the scope of his restrictions and limitations due to his ongoing impairments and he participated with Lincoln Life Assurance Company of Boston's Vocational Rehabilitation Case Manager in a vocational rehabilitation plan to find a part-time position in IT commensurate with Mr. DeCarlo's skills due to his chronic fatigue syndrome and other conditions.

16. On June 19, 2019, Mr. DeCarlo notified Lincoln Life Assurance Company of Boston that he was offered a part-time Project Manager job with Novartis working 20 hours per week and he accepted after receiving clearance from his physician.

17. Lincoln Life Assurance Company of Boston continued partial benefit payments for Mr. DeCarlo's Long Term Disability under the work incentive benefits provision notifying Mr. DeCarlo by email dated July 2, 2019. Lincoln Life Assurance Company of Boston did not notify Mr. DeCarlo of the the provision for which they were now paying benefits.

18. On May 19, 2020, Lincoln Life Assurance Company of Boston terminated Mr. DeCarlo's claim based upon their conclusion which determined the following:

> The medical documentation does not demonstrate restrictions and limitations due to physical or psychiatric conditions and it was determined Mr. DeCarlo would not be precluded from the performance of Any Occupation after a Vocational Assessment and based on his capabilities. Therefore, terminated Mr. DeCarlo's LTD claim as of April 14, 2020.

19. In its May 19, 2020 decision, Lincoln Life Assurance Company of Boston noted they fully considered the Social Security Administration's (SSA) ruling to approve Social Security benefits and the decision by SSA did not determine Mr. DeCarlo's entitlement to benefits under the terms and conditions of Mount Sinai System's policy.  However, Lincoln's decision did not explain what SSA information they relied upon, why the information was not sufficient and does not indicate they requested the SSA claim file for consideration of their decision.

20. Lincoln Life Assurance Company of Boston decision violated ERISA's claims regulation and effectively prevented Mr. DeCarlo from a full and fair review on his administrative claim.

21. On November 6, 2020, Andrew Davis, Esq. on behalf of Michael DeCarlo timely appealed the May 1, 2020 LTD determination.  The November 6, 2020 appeal also included a vocational report and forensic neuropsychological expert evaluation report in support of Mr. DeCarlo's appeal.  The forensic neuropsychological evaluation of Mr. DeCarlo confirmed Mr. DeCarlo was not capable of performing the necessary work-skills on a full-time basis and he was not able to acquire and retain substantive full-time gainful employment and may experience some problems managing the stress in his occupational and social functioning if he is encouraged to work on a full-time basis.

22. Lincoln Life Assurance Company of Boston paid a doctor (psychologist) to perform an appeal file review who determined there was no evidence of cognitive and psychiatric impairment and therefore disagreed with the forensic neuropsychological evaluation and examination of Mr. DeCarlo.

23. During the appeal review Lincoln Life Assurance Company of Boston completed a vocational review by a vocational consultant for a transferable skills analysis based on his prior work history, education, life experience and capacity. The vocational review opined Mr. DeCarlo could perform other occupations identified in the national economy.

24. Based upon the appeal review and decision letter, dated February 11, 2021, Lincoln Life Assurance Company of Boston acknowledged that Mr. DeCarlo continued to experience some symptoms associated with his conditions beyond May 14, 2020 and contended the medical documentation did not support restrictions and limitations rendering him unable to perform the duties of the occupations they identified on a full-time basis beyond that date and appeared to dismiss the vocational report out of hand.

25. Lincoln Life Assurance Company of Boston's appeal decision, dated February 11, 2021, also noted the Social Security Disability decision was fully considered, however, Lincoln Life Assurance Company of Boston failed to request the Social Security claim file and medical evidence to be included as part of their review. There was no documentation in the appeal decision of the actual Social Security Disability medical evidence considered and why the LTD appeal decision differed from that of Social Security Disability's favorable decision.

26. Lincoln Life Assurance Company of Boston review violation ERISA's claims regulations and it failed to provide a full and fair review.

27. Mr. DeCarlo exhausted his administrative remedies under the Policy and Plan.

28. As a result of the foregoing, Mr. DeCarlo has suffered a loss in the form of unpaid benefits.

29. Mr. DeCarlo is entitled to a judgment against Lincoln Life Assurance Company of Boston in the amount of the unpaid long-term disability benefits under the Policy and Plan and reinstatement of his monthly disability benefits.

30. Mr. DeCarlo is also entitled to prejudgment interest and an award of attorney's fees under ERISA 502(g) in an amount to be proven.

WHEREFORE, Plaintiff, Michael DeCarlo, requests the Court grant him the following relief from Defendant Lincoln Life Assurance Company of Boston:

a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest.

b. Reinstatement of his benefit claim

c. Costs and attorney's fees, under ERISA 502(g); and

d. All other relief the Court may deem proper.

Dated: March 26, 2021                      */s/ Andrew S. Davis*
                                                          Andrew S. Davis, Esq.
                                                          Lambert Coffin
                                                          Two Monument Square, Ste 400
                                                          Portland, Maine 04107
                                                          207.874.4000
                                                          adavis@lambertcoffin.com